IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OFALABAMA
NORTHERN DIVISION

IN RE:                                              CHAPTER 13

WILBERT T. RICHARDSON, JR.                          CASE NO.: 17-83257-CRJ-13
SSN: xxx-xx-9029
TANISHA R. RICHARDSON
SSN: xxx-xx-7415

    Debtors,

## DEBTOR'S SUBMISSION OF PRE-CONFIRMATION AMENDMENT TO CHAPTER 13 BANKRUPTCY PLAN

    COMES NOW the Debtors, WILBERT T. RICHARDSON, JR. and TANISHA R. RICHARDSON, and hereby submit their pre-confirmation amendment to Chapter 13 Plan and as grounds therefore would show as follows:

    1.    The Debtors are amending their Chapter 13 plan at Part 1 to reflect the request for valuation of security and claim modification.

    2.    The Debtors are amending their plan at Section 2.1 to provide for payments of $699.00 per month for 1 month then $749.00 per month for 59 months.

    3.    The Debtors are amending their plan at Section 3.1 to adjust the fixed payment on the claim secured by the real property.

    4.    The Debtors are amending Section 3.2 to reflect the correct value and the amount owed on the claim secured by the vehicle and to adjust the fixed payment.

    5.    The Debtors are amending Section 3.5 to provide for the surrender of the water treatment system.

    6.    The Debtors are amending their plan at Section 5.2 to adjust the base balance amount to $44,890.00.

    7.    Attached hereto is the Debtor's Amended Chapter 13 Plan which the Debtors pray would be ratified and confirmed by this Honorable Court.

/s/ Wilbert T. Richardson
WILBERT T. RICHARDSON, JR., Debtor

/s/ Tanisha R. Richardson
TANISHA R. RICHARDSON, Debtor

/s/ G. John Dezenberg, Jr.
G. JOHN DEZENBERG, JR.
Attorney for Debtors
908-C North Memorial Parkway
Huntsville, AL 35801
Phone: (256) 533-5097

## CERTIFICATE OF SERVICE

I, G. John Dezenberg, Jr., do hereby certify that I have this day served a copy of the above and foregoing instrument, by placing copies of same in the U. S. Mail, postage prepaid and properly addressed to the following:

Hon. Michele T. Hatcher, Trustee
PO Box 2388
Decatur, AL 35602

And to all parties listed on the Debtor's Mailing Matrix as attached hereto.

THIS the 8th day of January, 2018.

/s/ G. John Dezenberg, Jr.
G. JOHN DEZENBERG, JR.

## United States Bankruptcy Court
### Northern District of Alabama

In re: Wilbert T. Richardson, Jr.
Tanisha R. Richardson
Debtor(s)

Case No. **17-83257**
Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **January 8, 2018**, a copy of Debtors Amended Chapter 13 Plan was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below and on the attached Mailing Matrix.

| |
|---|
| Allman Family Medicine |
| American Family Care |
| Amsher Collection Services |
| Credit Collection Services |
| Fox Collection Center |
| Franklin Collection Service |
| Franklin Collection Service |
| Holloway Credit Solutions |
| Huntsville Emergency Physicians |
| Huntsville Hospital |
| Legends at Oak Grove |
| Melanie H. Scott, MD |
| PNC Bank |
| Preferred Credit |
| Progressive Insurance |
| Roundpoint Mortgage Services |
| Sirote & Permutt, P.C. |
| US Dept. of Education/GL |
| Verizon Wireless |
| Wells Fargo Dealer Services |

/s/ G. John Dezenberg, Jr.
G. John Dezenberg, Jr. ASB-3786-R78G
Dezenberg & Smith, P.C.
908-C North Memorial Pkwy
Huntsville, AL 35801
256-533-5097 Fax:256-533-0068
dezlaw@bellsouth.net

Label Matrix for local noticing
1126-8
Case 17-83257-CRJ13
NORTHERN DISTRICT OF ALABAMA
Decatur
Sun Jan  7 11:26:42 CST 2018

U. S. Bankruptcy Court
400 Well Street
P. O. Box 2775
Decatur, AL 35602-2775

Allman Family Medicine
1878 Jeff Rd
Huntsville, AL 35806-4261

American Family Care
PO Box 830876
Birmingham, AL 35283-0876

Amsher Collection Services
4524 Southlake Parkway, Ste 15
Birmingham, AL 35244-3271

Coosa Valley Medical Center
c/o Franklin Collection Service
PO Box 3910
Tupelo, MS 38803-3910

Credit Collection Services
PO Box 607
Norwood, MA 02062-0607

Fox Collection Center
P.O. Box 528
Goodlettsville, TN 37070-0528

Franklin Collection Service
2978 W. Jackson St.
Tupelo, MS 38801-6731

Holloway Credit Solutions
PO Box 230609
Montgomery, AL 36123-0609

Huntsville Emergency Physicians
PO Box 11407
Birmingham, AL 35246-0100

Huntsville Emergency Physicians Group
c/o Franklin Collection Service
PO Box 3910
Tupelo, MS 38803-3910

Huntsville Hospital
PO Box 2252 Dept #1050
Birmingham, AL 35246-1050

Legends at Oak Grove
5279 Holly Grove Way Apt #523
Knoxville, TN 37918

Melanie H. Scott, MD
204 Lowe Ave SE Ste 8
Huntsville, AL 35801-4254

PNC Bank
2204 Whitesburg Dr. S.
Huntsville, AL 35801-4515

Preferred Credit
628 Roosevelt Rd.
Saint Cloud, MN 56301-4867

Preferred Credit Inc.
PO BOX 1970
Saint Cloud, MN 56302-1970

Progressive Insurance
6300 Wilson Mills Rd.
Cleveland, OH 44143-2182

(p)REPUBLIC FINANCE LLC
1140 ROMA AVE
HAMMOND LA 70403-5464

Roundpoint Mortgage Services
5016 Parkway Plaza Blvd.
Charlotte, NC 28217-1932

Sirote & Permutt, P.C.
PO Box 55727
Birmingham, AL 35255-5727

US Dept. of Education/GL
PO Box 7859
Madison, WI 53707-7859

Verizon
by American InfoSource LP as agent
PO Box 248838
Oklahoma City, OK  73124-8838

Verizon Wireless
P.O. Box 660108
Dallas, TX 75266-0108

Wells Fargo Bank, N.A., d/b/a WFDS
P.O. Box 19657
Irvine, CA 92623-9657

Wells Fargo Dealer Services
P.O. Box 17900
Denver, CO 80217-0900

G. John Dezenberg Jr.
Dezenberg & Smith, PC
908-C N Memorial Parkway
Huntsville, AL 35801-5813

Michele T. Hatcher
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602-2388

Tanisha R. Richardson
115 Amelia Drive
Harvest, AL 35749-3220

Wilbert T. Richardson Jr.
115 Amelia Drive
Harvest, AL 35749-3220

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Republic Finance LLC
1140 Roma Ave
Hammond, LA 70403

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)RoundPoint Mortgage Servicing Corporation

End of Label Matrix
Mailable recipients    30
Bypassed recipients     1
Total                  31

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA

Fill in this information to identify your case:

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Wilbert T. Richardson, Jr.** | | | |
| | Name: First | Middle | | Last |
| Debtor 2 | **Tanisha R. Richardson** | | | |
| (Spouse, if filing) | Name: First | Middle | | Last |
| Case number: | **17-83257** | | | |
| (If known) | | | | |

Check if this is an amended plan ☑
Amends plan dated: 11/10/17
Part(s) amended:
☑ Part 1    ☑ Part 5
☑ Part 2    ☐ Part 6
☑ Part 3    ☐ Part 8
☐ Part 4    ☐ Part 9

*Failure to check a box identifying a Part amended hereby may render that amendment ineffective.*

# Chapter 13 Plan

### Part 1: Notices

To Debtor(s):    This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

To Creditors:    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☑ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.**

☐ **The plan sets out nonstandard provision(s) in Part 9.**

### Part 2: Plan Payments and Length of Plan

2.1    Debtor(s) will make regular payments to the trustee as follows:

**$699** per **Month** for **1** months
**$749** per **Month** for **59** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

2.2    Regular payments to the trustee will be made from future income in the following manner *(check all that apply):*

☐   Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to
☑   Debtor(s) will make payments directly to the trustee.
☐   Other (specify method of payment)

Chapter 13 Plan        Page 1

**2.3** **Income tax refunds and returns.** *Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income refunds as follows:

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4** **Additional payment** *(Check all that apply):*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

### Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (Including Escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| Roundpoint Mortgage Services | 115 Amelia Dr. Harvest, AL 35749 Madison County | $270,397.00 | $1,613.00 Disbursed by: ☐ Trustee ☑ Debtor(s) | $19,272.00 | 12 | $392.00 | |

**3.2** **Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The rest of § 3.2 will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ Debtor(s) request that the court determine the value(s) of the collateral and the amount(s) of the secured claim(s) listed below. For each nongovernmental secured claim listed below, Debtor(s) state that the amount of the secured claim should be the lesser of (a) the amount of the secured claim listed on the creditor's proof of claim and (b) the amount set out in the column headed *Amount of secured claim*. For each listed claim, the amount of the secured claim will be paid in full with interest at the rate stated below. *If a non-governmental creditor timely objects to the proposed value of the creditor's collateral or the proposed amount of the creditor's secured claim, the confirmation hearing shall include a valuation hearing pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012 unless otherwise ordered. If a non-governmental creditor whose claim is listed below fails to timely object, the creditor shall be deemed to have accepted the amount and treatment of the creditor's secured claim as set forth below.*

For non-governmental creditors, unless otherwise provided by this plan or otherwise ordered, the portion of any allowed claim that exceeds the amount of the secured claim listed below will be treated as an unsecured claim under Part 5 of this plan, and, if the amount of a creditor's secured claim is listed below as having a value of zero, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. For non-governmental creditors, unless otherwise ordered, the amount

of the creditor's total claim listed on the proof of claim or amended claim controls over any contrary amounts listed below, but the amount of that creditor's secured claim, the value of the collateral, and the interest rate are controlled by the plan.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien until the earlier of:
(a) payment of the underlying debt determined under non-bankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

For secured claims of governmental units, unless otherwise ordered, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
| Wells Fargo Dealer Services | $132.00 | $15,636.10 | 2013 Dodge Charger | $13,225.00 | $13,225.00 | 5.25% | $278.00 | |

3.3 **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

    ☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*
    ☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.** *Check one.*

    ☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
    ☑ Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Preferred Credit | Water Treatment System |

### Part 4: Treatment of Fees and Priority Claims

4.1 **General**
Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

4.2 **Chapter 13 case filing fee.** *Check one.*

    ☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
    ☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

4.3 **Attorney's fees.**

    The total fee requested by Debtor(s)' attorney is **$3,250.00**. The amount of the attorney fee paid prepetition is **$0.00**. The balance of the fee owed to Debtor(s)' attorney is **$3,250.00**, payable as follows (*check one*):

    ☐ $ at confirmation and $ per month thereafter until paid in full, or
    ☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

4.4 **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

    ☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

| Debtor | Wilbert T. Richardson, Jr.<br>Tanisha R. Richardson | Case number | 17-83257 | Eff (12/01/2017) |

**4.5** Domestic support obligations. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2** Percentage, Base, or Pot Plan. *Check one.*

☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐ Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
☐ Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
☑ Base Plan. This plan proposes to pay $ **44,890.00** to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

**5.3** Interest on allowed nonpriority unsecured claims not separately classified. *Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4** Maintenance of payments and cure of any default on long-term nonpriority unsecured claims. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5** Other separately classified nonpriority unsecured claims. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2** The executory contracts and unexpired leases listed below are rejected:

| Legends at Oak Grove | Apartment Lease - Reject |
|---|---|
| Verizon Wireless | Cell Phone Contract - Reject |

### Part 7: Sequence of Payments

**7.1** Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

### Part 8: Vesting of Property of the Estate

**8.1** Property of the estate will vest in Debtor(s) *(check one):*

☑ Upon plan confirmation.
☐ Upon entry of Discharge

### Part 9: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

| Debtor | Wilbert T. Richardson, Jr.<br>Tanisha R. Richardson | Case number | **17-83257** | Eff (12/01/2017) |
|---|---|---|---|---|

### Part 10: Signatures:

**Signature(s) of Debtor(s) required.**

Signature(s) of Debtor(s) *(required)*:

X  /s/ Wilbert T. Richardson, Jr.                         Date **January 8, 2018**
    Wilbert T. Richardson, Jr.

X  /s/ Tanisha R. Richardson                               Date **January 8, 2018**
    Tanisha R. Richardson

**Signature of Attorney for Debtor(s):**
X  /s/ G. John Dezenberg, Jr.                             Date **January 6, 2018**
    **G. John Dezenberg, Jr. ASB-3786-R78G**
    **908-C North Memorial Pkwy**
    **Huntsville, AL 35801**
    **256-533-5097**

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Local Form Number LR 3015-1(c) (12/17)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

IN RE: Wilbert T. Richardson, Jr.
Tanisha R. Richardson
Debtor.

CASE NO. 17-83257

**CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN CONTAINING VALUATION, LIEN AVOIDANCE, § 1301 CO-DEBTOR STAY RELIEF, OR CONTAINING A NON-STANDARD PROVISION REQUIRING RULE 7004 SERVICE**

Debtor(s)' chapter 13 plan dated 01/08/2018 (Doc. _____ ) (check all that all apply):

☒ seeks to value collateral and cram down one or more secured claims in Part 3.2

☐ seeks to avoid one or more liens in part 3.4

☐ requests termination of the § 1301 co-debtor stay in Part 3.5

In accordance with Local Rule 3015-1(c), I certify that the creditors whose claims are affected have been served as follows:

| Creditor name and address (If the creditor is an entity other than an Insured Depository Institution ("IDI")*, identify the officer, managing agent, general agent, or other agent authorized to receive process to whose attention service was made. If the entity is an IDI, identify the officer to whose attention service was made via certified mail.) | Method of service |
|---|---|
| Wells Fargo Bank, N.A.<br>dba Wells Fargo Dealer Services<br>Kassandra Jaramillo, Bankruptcy Specialist/Claim Signatory<br>PO Box 19657<br>Irvine, CA 92623-9657 | ☐ First Class Mail<br>☒ Certified Mail No. |

*Most IDIs are banks, credit unions, or savings & loan associations.

In accordance with Local Rule 3015-1(c), I certify that the § 1301 co-debtor(s) who are subject to the termination of the § 1301 co-debtor stay have been served via First Class U.S. Mail as follows:

| Name and address | Creditor | Collateral |
|---|---|---|
|  |  |  |

Under penalty of perjury, I declare that the foregoing is true and correct.

January 08, 2018
Date

/s/ G. John Dezenberg, Jr.
Signature of Attorney for Debtor(s) or pro se Debtor(s)

Local Form Number LR 3015-1(c) (12/17)

Name/Address/Telephone/Email

G. John Dezenberg, Jr.
Dezenberg & Smith, P.C.
908-C North Memorial Parkway
Huntsville, AL 35801
256-533-5097

Local Form Number LR 3015-1(c) (12/17)

Name/Address/Telephone/Email

G. John Dezenberg, Jr.
Dezenberg & Smith, P.C.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:

WILBERT T. RICHARDSON, JR.
SSN: xxx-xx-9029
TANISHA R. RICHARDSON
SSN: xxx-xx-7415

CASE NO.: 17-83257-CRJ-13

CHAPTER 13

DEBTORS.

## AFFIDAVIT IN SUPPORT OF MOTION TO VALUE PERSONAL PROPERTY

STATE OF ALABAMA
COUNTY OF MADISON

Before me, a Notary Public in and for the State of Alabama at Large, did personally appear WILBERT T. RICHARDSON, JR. AND TANISHA R. RICHARDSON, the Debtors in the above-styled cause, and being first made known to me, and being duly sworn by me, did state under oath as follows:

1. Our names are WILBERT T. RICHARDSON, JR. and TANISHA R. RICHARDSON. We are the owners of the 2013 DODGE CHARGER SE in which WELLS FARGO DEALER SERVICES purportedly has a security interest.

2. We offer this affidavit of our opinion of the value of this 2013 DODGE CHARGER SE in support of our Motion To Value Property and Objection to Claim under Rule 9017 Federal Rules Of Bankruptcy Procedure and Rule 43 (e) of the Federal Rules of Civil Procedure.

3. We have owned this 2013 DODGE CHARGER SE for approximately 3 years. We have operated this 2013 DODGE CHARGER SE during the entire time that we have owned it. We have examined the automobile and are familiar with its condition and the condition of its accessories.

4. We have an opinion of the value of this 2013 DODGE CHARGER SE. In our opinion, the fair market value of this 2013 DODGE CHARGER SE was $11,637.50 on November 1, 2017, the day our Chapter 13 case was filed. Our opinion is based upon our ownership, use and knowledge of the condition of this 2013 DODGE CHARGER SE, and the features or additions thereto. In forming my\\our opinion we have also consulted materials, which indicate what similar items of personal property are selling for in my geographical area, such as newspaper ads, shoppers and advertisements by retailers and individuals in classified advertising.

5.  We have also consulted the NADA Guide to Used Car Values for the issue dated closest to the filing of our petition in this case, in forming our opinion of the value of this 2013 DODGE CHARGER SE. Although we considered the Guide and it was a factor in the development of our opinion, we did not rely on the guide exclusively in forming our opinion. The "midpoint" value under the NADA Guide to Used Car Values (halfway between trade-in and retail) was $11,637.50 on the day our Chapter 13 case was filed.

6.  We offer as evidence in support of our opinion herein expressed photocopied pages of the November, 2017 edition of the NADA Guide to Used Car Values, reflecting the average trade-in and retail prices for this 2013 DODGE CHARGER SE for the Southeastern United States. We have also attached the page of that edition that reflects the method of reducing or increasing the value based upon high or low mileage. We offer the NADA Guide extracts attached hereto in support of our opinion under Rule 803 (17) of the Federal Rules of Civil Procedure.

DATED THIS 10th day of November, 2017.

/s/ Wilbert T. Richardson, Jr.
WILBERT T. RICHARDSON, JR.


/s/ Tanisha R. Richardson
TANISHA R. RICHARDSON


Sworn to and subscribed before me this 10th day of November, 2017.


/s/ G. John Dezenberg, Jr.
Notary Public

My comm. expires: 11/25/18

# NADA VALUATION WORKSHEET

VEHICLE OWNER: Wilbert Richardson

OWNED VEHICLE FOR APPROXIMATELY: 3 years

YEAR: 13   MAKE: Dodge

MODEL: Charger   VIN: SE

MONTH AND YEAR OF NADA USED: 11/17

NADA AVERAGE RETAIL: $ 13,225

NADA AVERAGE TRD-IN: $ 10,050

NADA "MIDPOINT": $ 11,637.50

**PLUS ADD-ONS:**

_____  $ _____

_____  $ _____

_____  $ _____

**LESS DEDUCTIONS:**

MILEAGE: 69,000   CATEGORY: I  II  (III)  IV

DEDUCT FOR MILEAGE   ☐ YES   ☒ NO

AMOUNT: $ _____

OTHER DEDUCTIONS:

_____  $ _____

_____  $ _____

**BANKRUPTCY VALUE:** $ 11,637.50

**DODGE**

| Rough Trade-in | Average Trade-in | Clean Trade-in | Body Type | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|---|---|---|
| | | | Add 3.6L V6 Engine (Std. R/T) | 350 | 400 | Add Navigation System | 500 | 575 |
| | | | Add Aluminum/Alloy Wheels (SE) | 325 | 375 | Add Power Seat (SE) | 275 | 325 |
| | | | Add Certified Pre-Owned | | 675 | Add Power Sunroof | 600 | 675 |
| | | | Add Leather Seats (Std. R/T) | 525 | 600 | Ded W/out Power Seat (SXT) | 275 | 275 |

**2013 CHARGER-V8** — Mileage Class: III

| Rough Trade-in | Average Trade-in | Clean Trade-in | Body Type | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|---|---|---|
| 6650 | 7925 | 8975 | Sedan 4D Police (V6) | DXAG | 29970 | 4039 | 8100 | 10850 |
| 8700 | 10050 | 11175 | Sedan 4D SE (V6) | DXBG | 25795 | 3961 | 10075 | 13225 |
| 10500 | 11925 | 13100 | Sedan 4D SE (AWD, V6) | DXFG | 29395 | 4151 | 11800 | 15300 |
| 10325 | 11750 | 12925 | Sedan 4D SXT (V6) | DXHG | 28595 | 3996 | 11650 | 15100 |
| 11325 | 12775 | 13975 | Sedan 4D SXT (AWD, V6) | DXJG | 31095 | 4151 | 12600 | 16225 |
| 10650 | 12075 | 13250 | Sedan 4D Police | DXAT | 32200 | 4271 | 11925 | 15450 |
| 12450 | 13950 | 15175 | Sedan 4D R/T | DXCT | 29995 | 4253 | 13675 | 17500 |
| 14025 | 15550 | 16825 | Sedan 4D R/T Daytona | DXCT | 32990 | 4253 | 15150 | 19225 |
| 13925 | 15450 | 16725 | Sedan 4D R/T (AWD) | DXDT | 32495 | 4450 | 15075 | 19125 |
| 22525 | 24250 | 25650 | Sedan 4D SRT-8 | DXEJ | 44995 | 4365 | 23100 | 28400 |
| 19700 | 21375 | 22750 | Sedan 4D SRT-8 Super Bee | DXGJ | 41775 | 4365 | 20475 | 25400 |

| | Trade-in/Loan | Retail | | Trade-in/Loan | Retail |
|---|---|---|---|---|---|
| Add Blacktop Pkg. (SXT, R/T) | 800 | 900 | Add Certified Pre-Owned | | 1125 |
| Add Rallye Pkg. (SXT) | 800 | 900 | Add Harman Kardon Stereo | 700 | 800 |
| Add Road & Track Pkg. (R/T, Daytona) | 1800 | 2000 | Add Leather Seats (Ex. Road & Track, SRT-8) | 600 | 675 |
| Add Alpine Stereo (Bee) | 400 | 450 | Add Navigation (Ex. SRT-8) | 550 | 625 |
| Add Alum/Alloy Wheels (Police) | 375 | 425 | Add Power Sunroof | 650 | 725 |
| Add Beats Audio System (Std. Daytona, Rallye) | 600 | 675 | | | |

**2013 CHALLENGER-V8-6 Spd./AT** — Mileage Class: III

| Rough Trade-in | Average Trade-in | Clean Trade-in | Body Type | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|---|---|---|
| 10075 | 11500 | 12675 | Coupe 2D SXT (V6) | DYA | 25495 | 3834 | 11425 | 14150 |
| 14050 | 15575 | 16850 | Coupe 2D R/T | DYB | 29995 | 4082 | 15175 | 18550 |
| 19625 | 21275 | 22650 | Coupe 2D SRT-8 Core | DYD | 38995 | 4160 | 20400 | 23900 |
| 21275 | 22975 | 24375 | Coupe 2D SRT-8 | DYC | 43425 | 4160 | 21950 | 26700 |

| | Trade-in/Loan | Retail | | Trade-in/Loan | Retail |
|---|---|---|---|---|---|
| Add Super Sport Pkg. (SXT) | 1100 | 1225 | Add Harman Kardon Stereo | 400 | 450 |
| Add Boston Acoustics Stereo (SXT, SRT Core) | 400 | 450 | Add Leather Seats (Ex. SRT-8) | 600 | 675 |
| | | | Add Navigation System | 550 | 625 |
| Add Certified Pre-Owned | | 1325 | Add Power Sunroof | 650 | 725 |

**2012 CALIBER-4 Cyl.** — Mileage Class: II

| Rough Trade-in | Average Trade-in | Clean Trade-in | Body Type | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|---|---|---|
| 2725 | 3575 | 4275 | Wagon 4D SE (5 Spd.) | DWB | 17380 | 2940 | 3850 | 6500 |
| 3675 | 4600 | 5350 | Wagon 4D SXT | DWD | 18765 | 3012 | 4825 | 7750 |
| 3850 | 4800 | 5575 | Wagon 4D SXT Plus | DWE | 18730 | 3012 | 5025 | 8000 |
| 4325 | 5300 | 6100 | Wagon 4D Uptown | DWF | 21280 | 3012 | 5500 | 8575 |
| 4550 | 5525 | 6325 | Wagon 4D Rush | DWH | 20515 | 3104 | 5700 | 8825 |

| | Trade-in/Loan | Retail | | Trade-in/Loan | Retail |
|---|---|---|---|---|---|
| Add 2.4L 4 Cyl. Engine (Uptown) | 250 | 300 | Add Leather Seats (Std. Uptown) | 500 | 575 |
| Add Aluminum/Alloy Wheels (SE) | 325 | 375 | Add Navigation System | 425 | 475 |
| Add Boston Acoustics Stereo (Std. Uptown, Rush) | 300 | 350 | Add Power Sunroof | 525 | 600 |
| | | | Add Pwr Seat (Std.Uptown,Rush) | 250 | 300 |
| Add Certified Pre-Owned | | 600 | Ded W/out AT (Ex. SE) | 500 | 500 |

**2012 AVENGER-4 Cyl.** — Mileage Class: I

| Rough Trade-in | Average Trade-in | Clean Trade-in | Body Type | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|---|---|---|
| 3425 | 4325 | 5075 | Sedan 4D SE | DZA | 18995 | 3400 | 4575 | 7425 |
| 3825 | 4750 | 5500 | Sedan 4D SXT | DZC | 21495 | N/A | 4950 | 7900 |
| 4675 | 5650 | 6450 | Sedan 4D Lux | DZD | 25865 | 3400 | 5825 | 8975 |
| 4950 | 5950 | 6775 | Sedan 4D SXT Plus (V6) | DZE | 23995 | 3607 | 6100 | 9325 |
| 5700 | 6750 | 7600 | Sedan 4D R/T (V6) | DZB | 25995 | N/A | 6850 | 10250 |

| | Trade-in/Loan | Retail | | Trade-in/Loan | Retail |
|---|---|---|---|---|---|
| Add 3.6L V6 Eng. (SE, Lux) | 350 | 400 | Add Navigation System | 425 | 475 |
| Add Aluminum/Alloy Wheels (SE) | 325 | 375 | Add Power Seat (SE) | 250 | 300 |

# MILEAGE TABLE

VALUES SHOWN BELOW TO BE ADJUSTED FROM BASE GUIDEBOOK VALUES

| MILEAGE | CLASS | 2017 | 2016 | 2015 | 2014 | 2013 | 2012 | 2011 | 2010 |
|---|---|---|---|---|---|---|---|---|---|
| 50001 to 55000 | I | -1825 | -1125 | -500 | | 600 | 1075 | 1450 | 1725 |
| | II | -2400 | -1475 | -650 | | 800 | 1425 | 1925 | 2300 |
| | III | -3000 | -1850 | -800 | | 975 | 1750 | 2350 | 2775 |
| | IV | -4375 | -2700 | -1200 | | 1450 | 2575 | 3500 | 4175 |
| | V | -6250 | -3850 | -1700 | | 2075 | 3650 | 4950 | 5875 |
| 55001 to 60000 | I | -2075 | -1375 | -725 | -150 | 375 | 850 | 1225 | 1500 |
| | II | -2725 | -1800 | -975 | -200 | 500 | 1100 | 1625 | 2000 |
| | III | -3400 | -2225 | -1200 | -250 | 600 | 1350 | 1975 | 2425 |
| | IV | -4950 | -3250 | -1750 | -350 | 900 | 2025 | 2950 | 3625 |
| | V | -7075 | -4650 | -2500 | -500 | 1275 | 2850 | 4175 | 5125 |
| 60001 to 65000 | I | -2325 | -1600 | -975 | -375 | 150 | 625 | 1000 | 1300 |
| | II | -3025 | -2100 | -1275 | -475 | 200 | 825 | 1325 | 1725 |
| | III | -3775 | -2625 | -1575 | -600 | 250 | 1000 | 1625 | 2100 |
| | IV | -5500 | -3825 | -2300 | -875 | 375 | 1475 | 2425 | 3125 |
| | V | -7875 | -5450 | -3275 | -1250 | 525 | 2100 | 3425 | 4425 |
| 65001 to 70000 | I | -2550 | -1825 | -1200 | -575 | | 400 | 800 | 1100 |
| | II | -3325 | -2400 | -1550 | -775 | | 550 | 1050 | 1450 |
| | III | -4175 | -3000 | -1950 | -950 | | 675 | 1300 | 1775 |
| | IV | -6050 | -4375 | -2825 | -1400 | | 975 | 1925 | 2650 |
| | V | -8675 | -6250 | -4050 | -2000 | | 1400 | 2725 | 3750 |
| 70001 to 75000 | I | -2775 | -2075 | -1400 | -800 | -250 | 225 | 600 | 925 |
| | II | -3625 | -2700 | -1850 | -1050 | -325 | 275 | 800 | 1200 |
| | III | -4550 | -3375 | -2300 | -1300 | -400 | 350 | 975 | 1475 |
| | IV | -6600 | -4900 | -3350 | -1900 | -600 | 500 | 1450 | 2200 |
| | V | -9450 | -7025 | -4800 | -2725 | -850 | 725 | 2075 | 3125 |
| 75001 to 80000 | I | -3000 | -2275 | -1625 | -1000 | -450 | | 425 | 750 |
| | II | -3925 | -3000 | -2125 | -1325 | -600 | | 550 | 975 |
| | III | -4925 | -3725 | -2650 | -1650 | -725 | | 675 | 1200 |
| | IV | -7125 | -5425 | -3875 | -2400 | -1075 | | 1025 | 1775 |
| | V | -10225 | -7775 | -5525 | -3425 | -1525 | | 1450 | 2525 |
| 80001 to 85000 | I | -3225 | -2500 | -1825 | -1200 | -650 | -150 | 250 | 575 |
| | II | -4225 | -3275 | -2400 | -1575 | -850 | -200 | 325 | 750 |
| | III | -5275 | -4100 | -3000 | -1975 | -1050 | -250 | 400 | 925 |
| | IV | -7650 | -5950 | -4375 | -2875 | -1525 | -350 | 600 | 1375 |
| | V | -11000 | -8525 | -6250 | -4100 | -2175 | -525 | 850 | 1950 |
| 85001 to 90000 | I | -3450 | -2725 | -2050 | -1400 | -825 | -325 | 75 | 425 |
| | II | -4500 | -3550 | -2675 | -1850 | -1075 | -425 | 125 | 550 |
| | III | -5650 | -4450 | -3350 | -2300 | -1350 | -525 | 150 | 675 |
| | IV | -8175 | -6450 | -4850 | -3350 | -1975 | -775 | 200 | 1000 |
| | V | -11750 | -9250 | -6950 | -4775 | -2825 | -1100 | 300 | 1425 |
| 90001 to 95000 | I | -3650 | -2925 | -2250 | -1600 | -1000 | -500 | | 275 |
| | II | -4775 | -3825 | -2925 | -2100 | -1325 | -650 | | 350 |
| | III | -6000 | -4800 | -3675 | -2600 | -1650 | -800 | | 425 |
| | IV | -8675 | -6950 | -5325 | -3800 | -2400 | -1175 | | 650 |
| | V | -12475 | -9975 | -7650 | -5450 | -3425 | -1675 | | 900 |
| 95001 to 100000 | I | -3875 | -3125 | -2450 | -1775 | -1175 | -650 | -225 | 125 |
| | II | -5050 | -4100 | -3200 | -2325 | -1550 | -875 | -300 | 175 |
| | III | -6350 | -5125 | -4000 | -2925 | -1925 | -1075 | -350 | 200 |
| | IV | -9175 | -7425 | -5800 | -4225 | -2825 | -1575 | -525 | 300 |
| | V | -13200 | -10675 | -8325 | -6075 | -4050 | -2250 | -750 | 425 |

ADDITION FOR LOWER MILEAGE SHOULD NOT EXCEED 50% OF TRADE-IN VALUE
DEDUCTION FOR HIGHER MILEAGE SHOULD NOT EXCEED 40% OF TRADE-IN VALUE